*378 Opinion of the Court, by
Judge Mills.
THIS is a bill, with injunction, filed by the plaintiffs in error to obtain relief against a judgment at law. One ground of equity attempted, is, that the judgment at law, which was enjoined by the bill, was on a note executed to secure money loaned; and that, to secure the loan, a negro was pledged by the plaintiffs in error, we had been inhumanly treated by the defendant, by exposing him in inclement weather, so that he sickened; and after his sickness commenced, was neglected, and no physician was procured to attend him, and he died; wherefore, they claim the price of the negro.
The circuit court, on a motion made during the pendency of the cause, dissolved the injunction as to all except one hundred dollars.
On a bill filed, charging usury, an answer that the defendant does not remember the terms on which the money was lent, will be considered as evasive, and tantamount to an admission of usury.
But if the complainant’s bill and exhibits, taken in connexion, show that the transaction was in reality not usurious he can have no decree on this implied admission.
We are clearly of opinion that the cause of complaint, as to the death of the negro, and the claim for his value, was a matter properly triable in an action at law, and not the subject of jurisdiction in a court of equity; and, for that reason, relief was properly refused by the court below, as to the price of the slave.
An amended bill states that the loan was four hundred and fifty dollars, obtained about the first of June 1814, for the interest of which, the negro was pledged; that the negro died about the first of the succeeding January; that, ignorant of the cause of the negro’s death, the plaintiffs in error, or one of them, settled with the defendant, and calculated interest at the rate of ten per centum per annum, and included the principal and legal interest in a new note, amounting to five hundred and ten dollars, on which the judgment at law was obtained; that the last named sum included all the interest, as well as principal, except about the sum twenty-four dollars, which was included in another note of the amount of thirty dollars, given to the defendant, six dollars, due on another account, being added and included in that note.
The answer of the defendant admits that he had sundry dealings with one of the plaintiffs, and had loaned him divers sums of money; and that they settled, and five hundred and ten dollars, the amount for which the note was given, was the true amount, including principal and legal interest. He cannot recollect the amounts or times when he made these loans; but does not remember or admit the loan of four hundred and fifty dollars, at the time stated in the bill. He says nothing with regard to the sum of twenty-four dollars of usury, secured by another note.
As to sustaining the charge of usury, on account of the hire of the negro, it is impossible to do so by any evidence in the cause. If the slave was of the value charged in the bill, we might presume that his hire would be worth something considerable; but what that hire ought to be, there is no proof. It might or might not be more than the legal interest on the money. The answer of the defendant is evasive, and does not directly negative, as it ought to have done, the charge of usury in the note; but evades it, by attempting to state affirmatively, that the sum in the note named was the true one, for principal and legal interest. Besides, *380 the defendant cannot remember the sums loaned, or times when, or terms, matters which he ought to remember, and which men seldom forget, when usury is the result of the loan. He, moreover, says nothing with regard to the twenty-four dollars secured by another note. These artful evasions create strong suspicions that the transaction was usurious, and that the defendant was not disposed to disclose it, and that his answer, taken alone, ought not to excuse him from a decree against him, if there was nothing else in the cause opposing it; but the bill of the complainants presents insurmountable obstacles to the relief prayed. Calculating interest from the death of the slave, at ten per centum, and the amount exceeds the note by five or six dollars only, which shows that four hundred and fifty dollars could not have been the principal. The amount, thus calculated, falls short of the amount of the note on which the judgment at law is founded, added to the small note of thirty dollars, charged in the bill and not denied by the answer. This result not only negatives the fact of four hundred and fifty dollars being the true principal, but precludes the belief that the amount of twenty-four dollars of illegal interest, was included in, and secured by another note.
Although the answer of the defendant induces us to believe that the matter is not settled as it ought to be, yet the bill does not show us sufficiently clear, how the facts really are, to enable us to say that any, or what redress ought to have been given. The decree of the court below dissolving the complainants’ injunction for the last sum of one hundred dollars, and dismissing the bill, must, therefore, be affirmed with costs, and damages upon the damages given in that court by the final decree.